IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DUANE DELANTE JEFFERSON,** (TDCJ No. 02472103), | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 4:24-cv-056-O |
| **DISTRICT ATTORNEY,** Tarrant County, Texas, et al., | § § § § | |
| **Defendants.** | § § | |

**MEMORANDUM OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate Duane Delante Jefferson ("Jefferson")'s case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the operative pleadings, the Court finds that Plaintiff's claims and allegations must be **DISMISSED** with prejudice under authority of these provisions.[1]

**I.   BACKGROUND**

Plaintiff Jefferson initiated this case by filing a form civil rights complaint. Compl. 1-4, ECF No. 1. In the form complaint, Plaintiff named the following defendants as listed: "D.A./Public Defender's Office, Tarrant County, Texas; Sheriff's Office of Tarrant County, Texas; and Judge and Court of CDC 2 Tarrant County, Texas. Compl. 1, 3, ECF No. 1. Jefferson provided the following statement of claim:

The fact that Sheriff's Office District Attorney's Office Public Defenders Office

---

[1] The Court notes that Jefferson previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in *Jefferson v. Waybourn*, No. 4:23-cv-953-P (N.D. Tex. Jan. 5, 2024). The Court dismissed the 65-page § 2241 petition as moot. *Id.* The Court takes judicial notice of the records of this Court in that case. *See* Fed. R. Evid. R. 201(b)(1) and (c)(1).

1

and the Tarrant County CDC 2 with presiding judge went above and beyond the allowance to create a criminal charge and penalty with deliberate indifference under color of state law to suit themselves for want of conviction as stated in writ of habeas corpus No. 4:23-CV-953-P.

Compl. 4, ECF No. 1. Other than this narrative, Jefferson simply wrote as to each defendant "discrimination- deliberate indifference." *Id.* at 3. Jefferson wrote that he sought to be "released from unlawful incarceration and correction of actions implimented [sic]." Compl. 4, ECF No. 1.

After review of this bare complaint, the Court ordered Jefferson to answer particular questions in the form of the filing of a more definite statement. More Definite Statement (MDS) Order, ECF No. 6. That order directed Jefferson to provide information in response to eight different inquiries and requests and advised him to respond by "writing the answers in paragraphs numbered to correspond to the number of each inquiry or request." MDS Order 1-3, ECF No. 3. The Order also directed Plaintiff to include an affirmation that his answers were true and correct. *Id.* at 3.

In response to the Court Order, Jefferson filed a document entitled "Plaintiff's More Definite Statement." MDS 1-29[2], ECF No. 8. That document includes six pages of new material, with the balance of the remaining pages being copies of documents and arguments that Jefferson filed in the prior habeas case. *See Jefferson*, No. 4:23-cv-953-P (N.D. Tex. Sep. 18, 2023).

## II.     LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Jefferson is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28

---

[2]Although Jefferson filed a total of 55 pages in the MDS, the pages repeat after page 29. ECF No. 8. Thus, the Court has reviewed only the first 29 pages.

U.S.C. § 1915A(a). Because Jefferson is proceeding in-forma-pauperis, his pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

#### A. Departments of Tarrant County - No Jural Existence

As noted above, Jefferson named as the defendants in this case several departments of Tarrant County, Texas, including the "Sheriff's Office," the "District Attorney's Office," the "Public Defender's Office," and "Tarrant County Criminal District Court No. 2." In the MDS Order, the Court explained the doctrine of jural existence and advised Jefferson to state any facts

to show that any of these departments had jural existence and was thus subject to suit. MDS Order 2 (citing *Darby v. City of Pasadena,* 939 F.2d 311, 313-14 (5th Cir. 1991) (A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence); *see also Parker v. Fort Worth Police Department,* 980 F.2d 1023, 1025-26 (5th Cir. 1993) (reversing and remanding dismissal of claims against Fort Worth police department, with instruction to allow Plaintiff leave to amend to name the City of Fort Worth itself.), ECF No. 6. Although Jefferson answered that he had sought and been denied production of records of the "defendants actually involved," he did not state any facts against any of these departments, and instead wrote that he was asserting claims of "deliberate indifference" and "discrimination" resulting from the official policy of Tarrant County, Texas. MDS 3, ECF No. 8. Thus, Jefferson has abandoned his claims against the Tarrant County departments listed in this case and those defendants must be dismissed.[3]

      **B.**    **Tarrant County, Texas - No Sufficient Claim of Municipal Liability**

In response to the Court's inquiry. Jefferson alternatively names Tarrant County, Texas as a defendant. Although a city or county is a "person" within the meaning of § 1983 a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). The Supreme Court, in *Monell v. New York City Department of Social Services*, emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat*

---

[3] Importantly, the Court also had asked in the MDS Order, with regard to each of the Tarrant County departments, whether Jefferson intended to name any individual person as an additional defendant. MDS Order 3 ¶¶ 4-7, ECF No. 6. Jefferson did not name any individuals as defendants. MDS 1-6, ECF No. 8.

*superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Id.* at 694. Thus, to the extent Jefferson claims that Tarrant County, Texas is responsible to him due to the actions of any county officials, as this claim is essentially a claim that the Tarrant County is responsible on a vicarious liability or *respondeat superior* basis, such claim is without legal merit.

Instead of vicarious liability for the actions of government employees, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 59 (2011) (quoting *Monell*, 436 U.S. at 692); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (liability "only where the municipality *itself* causes the constitutional violation at issue") (emphasis in original). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 60.)

The Court directed Jefferson to provide any "facts of a particular custom or policy . . . that relates to your claim of harm." MDS Order 2, ECF No. 6. Jefferson did not provide any responsive information asserting any kind of facts against Tarrant County, Texas. Instead he merely wrote that the alleged deliberate indifference and discrimination were the result of Tarrant County policy, without actually stating any facts of any such custom or policy. Thus, Jefferson has provided no facts to support any claim that Tarrant County could be liable to him

for a violation of constitutional rights.

### IV. CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Duane Delante Jefferson's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **5th day** of **August, 2024.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**